Duncan C. McCrea v. Commissioner.
Duncan C. McCrea v. Commissioner
Docket No. 12635.
United States Tax Court
1948 Tax Ct. Memo LEXIS 108; 7 T.C.M. (CCH) 584; T.C.M. (RIA) 48159; August 24, 1948
*108 Petitioner did not file an income tax return for either of the tax years 1935 to 1938, inclusive. On September 30, 1946, respondent filed an income tax return for petitioner for each of the years above named, made a jeopardy assessment on October 3, 1946, of the tax shown by such returns to be due and on November 13, 1946, determined deficiencies in income tax so assessed and delinquency penalties thereon. Notice of such deficiencies and penalties was duly given to petitioner on the last named date. No evidence was submitted negativing the correctness of the amounts of such deficiencies or in respect of petitioner's failure to file returns. Held, respondent's determination of deficiencies was not barred by the statute of limitations and that such deficiencies and penalties in the amounts determined by respondent should be sustained. Duncan C. McCrea, pro se. A. J. Friedman, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion HILL, Judge: This proceeding is for the redetermination of deficiencies in income tax and delinquency penalties in the amounts and for the calendar years as follows: 25% Delinquency
Years
Deficiency
Penalty
1935
$ 188.36
$ 47.09
1936
1,106.72
276.68
1937
4,698.04
1,174.51
1938
6,886.89
1,721.72
Respondent also determined a deficiency in income tax against petitioner for the calendar years 1939 and determined and affirmatively alleged in his answer that that part of the deficiencies as to the tax years 1935 to 1939, inclusive, was due to fraud with intent to *110 evade tax and accordingly determined as to each of such deficiencies a 50 per cent fraud penalty. The deficiencies and penalties were determined in 1946. The delinquency penalties, above set forth, were determined for failure of petitioner to file a Federal income tax return for each of the years 1935 to 1938, inclusive. Petitioner filed a Federal income tax return for the year 1939 within the time limited by statute and no delinquency penalty was determined in respect of that year. Respondent, on brief, abandoned the fraud issue in respect of all years involved and accordingly concedes that the deficiency determined in respect of 1939 is barred by the statute of limitations. The sole remaining question presented is whether the determination of the deficiency for each of the years 1935 to 1938, inclusive, is barred by the statute of limitations. Findings of Fact Petitioner at all times material herein has resided at 14630 Grandmont Road, Detroit, Michigan. He filed his income tax return for the year ended December 31, 1939, with the collector of internal revenue for the district of Michigan at Detroit and gave therein his place of residence as above stated. Petitioner filed *111 no Federal income tax returns for the taxable years ended December 31, 1935, 1936, 1937 and 1938. On September 30, 1946, respondent prepared from information obtained and filed for petitioner with the collector of internal revenue at Detroit, Michigan, a Federal income tax return for each of the calendar years 1935 to 1938, inclusive. On the basis of the tax computed on the taxable income shown in each such return respondent, on October 3, 1946, made a jeopardy assessment, under the provisions of section 273 (a), Internal Revenue Code, in the total amount of the taxes shown due in such returns for such years. On November 13, 1946, respondent determined that petitioner had received and failed to report taxable income for the years and in the amounts as follows: 1935
$ 7,455.00
1936
16,757.50
1937
35,136.00
1938
43,578.00
1939
47,379.86
On the basis of the above determination respondent, on the date last above stated, determined deficiencies in income tax and delinquency penalties thereon for the years and in the amounts shown at the beginning of this report. Notice of such deficiencies was sent to petitioner by registered mail on November 13, 1946, at *112 his address hereinabove set forth. Petitioner's failure to file Federal income tax returns for the years 1935, 1936, 1937 and 1938, respectively, is not shown to be due to reasonable cause and not to willful neglect. Opinion Petitioner appeared in his own proper person. He offered no evidence. He argued without any supporting evidence (1) that his reason for not filing income tax returns for the years involved was that his salary as a public official of the State of Michigan was his only income in such years and that it was not subject to Federal income tax, and (2) that respondent was in possession in 1940 of all the facts respecting petitioner's alleged income for the taxable years upon which respondent filed returns in 1946 for petitioner for the years involved and upon the basis of which the jeopardy assessment was made and that accordingly the statute of limitations as provided in section 275 (a) [1], Internal Revenue Code, applies. *113 It is apparent that on the state of this record argument (1) presents no issue of law or fact for our determination. Apparently under argument (2) petitioner's contention is that because respondent took no action in respect of petitioner's tax liability until after the lapse of three years from the time respondent came into possession of the basic facts therefor he was precluded from making a determination of deficiency under the provisions of the above cited section of the statute. The latter argument is so obviously erroneous that even if it were based upon supporting evidence of the facts assumed it would not merit any consideration or discussion. Such argument, of course, entirely ignores the provisions of section 276, Internal Revenue Code, which provides that: "In the case of * * * a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time." On September 30, 1946, respondent, acting under authority of section 3612, Internal Revenue Code, filed tax returns for petitioner for each of the years involved on the basis of information which *114 he had obtained. Subsection (b) of that section provides that: "In any such case the Commissioner may, from his own knowledge and from such information as he can obtain through testimony or otherwise - "(1) * * * Make a return." Subsection (c) provides that: "Any return or list so made and subscribed by the Commissioner, or by a collector or deputy collector and approved by the Commissioner, shall be prima facie good and sufficient for all legal purposes." Following the filing of such returns for petitioner by respondent the latter, on October 3, 1946, made a jeopardy assessment of the tax shown to be due on such returns under the provisions and authority of section 273 (a), Internal Revenue Code, which provides that "If the Commissioner believes that the assessment or collection of a deficiency will be jeopardized by delay, he shall immediately assess such deficiency * * *." Section 273 (b) provides that: "If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under section 272 (a), then the Commissioner shall mail a notice under such subsection within sixty days after *115 the making of the assessment." Section 272 (a) provides for the determination of deficiencies in tax and the giving of notice thereof. The deficiencies here in question were not determined prior to the jeopardy assessment but were determined and notice thereof was duly given within 60 days after the jeopardy assessment, namely, November 13, 1946. It is clear therefore that the determination of the deficiencies was not barred by statute of limitations. Respondent determined in respect of the deficiency in income tax for each of the years involved a delinquency penalty of 25 per centum of the amount of such deficiency under the authority of section 291, Internal Revenue Code. The determination of such penalties was mandatory in the absence of a showing that the failure to file the returns in question was due to reasonable cause and not to willful neglect. There was no such showing here. In fact, as hereinabove stated, petitioner offered no evidence whatsoever in this proceeding. The deficiencies in income tax for the years 1935, 1936, 1937 and 1938, together with the respective delinquency penalties, in the amounts determined by the respondent are approved. *116 Decision will be entered under Rule 50. Footnotes
1. SEC. 275. PERIOD OF LIMITATIONS UPON ASSESSMENT AND COLLECTION. Except as provided in section 276 - (a) General Rule. - The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.↩